IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DAVID L. STERNS,**                    CV. 3:11-00060 RE

             Plaintiff,        **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

             Defendant.


**REDDEN**, Judge:

Plaintiff David L. Sterns ("Sterns"), brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security income ("SSI"). For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1956, Sterns has a masters degree in communication. He has worked as a speech teacher, college instructor, ticket seller, sales attendant, and waiter. In April 2006, Sterns filed applications for DIB and SSI alleging disability since February 1, 2008, due to depression, left knee arthritis, and a left rotator cuff tear. His application was denied initially and upon reconsideration. Hearings were held on January 12 and July 30, 2009, before an Administrative Law Judge ("ALJ"). In a decision dated August 11, 2009, the ALJ found Sterns not disabled. Sterns's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Sterns now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Sterns had the medically determinable severe impairments of major depressive disorder, alcohol dependence in early remission, post knee replacement arthritis, and left rotator cuff tear.

The ALJ determined that Sterns retained the residual functional capacity to perform light work, with occasional climbing, kneeling, crawling, and crouching, and no exposure to hazards. He is limited to occasionally reaching overhead with the left arm, and can perform short, simple instructions only, with no more than occasional contact with the public. Tr. 14.

The ALJ determined that Sterns was not able to perform his past relevant work. At Step Five, the ALJ found that there were significant numbers of jobs that plaintiff could perform, citing those identified by the vocational expert, including small products assembler and office helper.

The medical records accurately set out Sterns's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Sterns contends that the ALJ erred by: (1) improperly rejecting physician opinions; and (2) finding him not fully credible. The first issue is dispositve.

### I. Physician Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must also generally give greater weight to the opinion of an examining physician than to that of a reviewing physician. *Id.* If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Gary Olbrich, M.D. plaintiff's treating physician, stated that plaintiff could sit, stand, or walk for a total of six hours a day, that he would require two thirty minute breaks in the course of eight hours because of pain and exhaustion, that he is capable of only part-time, low stress work, that he is unable to concentrate on simple tasks for more than one half day, that he would miss

3 - OPINION AND ORDER

more than two days of work each month, and that these impairments had continued for more than 12 months. Tr. 460-63.

The ALJ noted Dr. Olbrich's opinion, and said it was inconsistent with the treatment record and gave it little weight. Tr. 16. The ALJ noted that plaintiff did not stop working due to physical problems, that he had seen Dr. Olbrich infrequently, that he had not seen Dr. Olbrich since February 2008, and that the treatment he receives is not consistent with the degree of functional limitations described by the doctor. *Id.*

The reason that Sterns stopped working is not relevant to the issue of the weight to be accorded Dr. Olbrich's opinion. Moreover, Sterns testified that his knee ached after sitting for 30-45 minutes and his arm got sore from running the credit card machine, and he quit his 18 hour a week job at the Childrens' Museum because it was too stressful. Tr. 26-27.

The records indicate that Dr. Olbrich treated Sterns at least six times between May 2006 and November 2008, which is certainly frequently enough to have formed an opinion of Stern's condition. Tr. 405, 401-404, 400, 463. As to the degree of treatment that Sterns receives, Dr. Olbrich states that he is currently (November 2008) treating Sterns for depressive disorder, and that even with medication, he suffers episodes of severe depression. Tr. 464. Sterns had a total knee replacement following a motor vehicle accident, and has progressive arthritis. Tr. 415, 460. In May 2006 his bad knee was swollen to the point where it was 50% larger than his good knee. Tr. 404.

In January 2009 Shanako Aldrich, plaintiff's case manager at Central City Concern, reported that she meets with Sterns three to five times per week, and that Sterns has maintained good involvement with the program "by attending groups, individual sessions, and being open to

4 - OPINION AND ORDER

addressing his mental health issues." Tr. 481. Contrary to the ALJ's assertion, the evidence is that Sterns receives regular and intensive treatment for his problems.

The ALJ failed to identify specific and legitimate reasons to discredit Dr. Olbrich.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir.

2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's omission of the evidence of the treating physician is erroneous for the reasons set out above. The Vocational Expert testified that, if Dr. Olbrich's opinion is credited, Sterns would be unable to maintain employment. Tr. 59-61. Accordingly, this matter is remanded for the calculation and award of benefits.

## CONCLUSION

For these reasons, the ALJ's decision that Sterns is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and payment of benefits.

IT IS SO ORDERED.

Dated this 27 day of April, 2012.

JAMES A. REDDEN
United States District Judge